IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM QUINN, #125753, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-601-TMH |
| | ) [WO] |
| | ) |
| LOUIS BOYD, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by William Quinn ["Quinn"], a state inmate, on June 28, 2012.[1]  In this complaint, Quinn challenges actions taken against him on February 5, 2009 at the Easterling Correctional Facility ["Easterling"].  Quinn names Warden Louis Boyd, Warden Carter Davenport, Sgt. Jones and Officer Coleman, all correctional officials assigned to Easterling at the time of the incident made the basis of the complaint, as defendants.  Quinn asserts Coleman used excessive force against when removing him from his cell during a search of the dorm.

---

[1] Although the Clerk of this court stamped the complaint "received" on July 11, 2012, it is clear that Quinn presented the complaint to prison officials for mailing prior to this date.  A review of the pleadings indicates Quinn executed the complaint on June 28, 2012.  *Doc. No. 1* at 8.  The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Quinn] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers June 28, 2012 as the date of filing.

*Complaint - Doc. No. 1* at 3. Quinn seeks declaratory relief and monetary damages from the defendants for the alleged violations of his constitutional rights. *Id*. at 7.

Upon review of the complaint, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) as the claims presented by the plaintiff are filed outside the applicable two-year period of limitation.[2]

## II. DISCUSSION

Quinn challenges the constitutionality of actions taken against him on February 5, 2009. It is clear from the face of the complaint that the claims presented by Quinn are barred by the statute of limitations relevant to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional actions made the basis of the instant complaint occurred on February 5, 2009. By it express terms, the tolling provision of *Ala. Code* § 6-

---

[2] The court entered an order granting Quinn leave to proceed *in forma pauperis* in this cause of action. *Order of January 8, 2013 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2-8(a) provides no basis for relief to Quinn from application of the time bar.[3]  Thus, the statute of limitations began to run on the claims presented herein on February 6, 2009.[4]  The limitation period ran uninterrupted until it expired on February 7, 2011.[5]  As previously noted, Quinn filed the instant complaint on June 28, 2012.  This filing therfore occurred over a year *after* expiration of the period of limitation.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for

---

[3] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The complaint demonstrates Quinn was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[4] In computing the period of limitation, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

[5] Because the last day of the limitation period, February 6, 2011, fell on a Sunday, the one-year period of limitation expired the following Monday - February 7, 2011.  Rule 6(a)(1)(C), *Federal Rules of Civil Procedure* (The last computed day of the limitation period shall not be included "if the last day is a Saturday, Sunday, or legal holiday [and] the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Quinn has no legal basis on which to proceed as he filed this cause of action more than three years and four months after the actions which form the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired in February of 2011, well over a year prior to Quinn filing the instant complaint. In light of the foregoing, the court concludes that Quinn's claims arising from a purported use of excessive force by defendant Coleman on February 5, 2009 are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also*

4

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[6]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

It is further

ORDERED that on or before January 24, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

---

[6] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of January, 2013.

  /s/Terry F. Moorer
 TERRY F. MOORER
 UNITED STATES MAGISTRATE JUDGE